IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

$98,613.00 in U.S. Currency,

        Defendant *in Rem*.

No. 3:26-CV-

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure, the United States of America alleges this *in rem* complaint for forfeiture against $98,613.00 in U.S. Currency ("Defendant Property"):

## NATURE OF THE ACTION

1.    This is a forfeiture action under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C). The United States seeks the forfeiture of the Defendant Property under 21 U.S.C. § 881(a)(6) because it is moneys furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or property intended to facilitate such an exchange in violation of 21 U.S.C. §§ 841(a) and/or 846. The Defendant Property also is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) because it is property that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1952, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1).

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1355(a), and *in rem* jurisdiction is proper under 28 U.S.C. § 1355(b).

3.      Venue in this Court is proper under 28 U.S.C. §§ 1355(b)(1)(A) and 1391(b) because acts or omissions giving rise to the forfeiture occurred in the Northern District of Texas and a substantial part of the events giving rise to the forfeiture occurred in the Northern District of Texas.

## PARTIES

4.      The Plaintiff is the United States of America.

5.      The Defendant Property is $98,613.00 in U.S. Currency. The Defendant Property was seized from John Minn Yoo at the JSX Airlines terminal at the Dallas Love Field Airport, Texas, on September 25, 2025.  The Defendant Property was transferred to the custody of Homeland Security Investigations ("HSI") and was deposited into an HSI suspense account with Loomis Bank in Dallas, Texas, on September 26, 2025.

6.      John Minn Yoo, by and through his attorney Daniel Smith, filed a claim to the Defendant Property in the U.S. Customs and Border Protection's administrative forfeiture proceeding against the Defendant Property on December 18, 2025.

## FACTS

7.      The primary responsibility of HSI is to identify, investigate, and prevent criminal activity.  HSI conducts federal criminal investigations into the illegal movement of people, goods, money, contraband, weapons, and sensitive technology into, out of, and

throughout the United States.  HSI's investigations are wide ranging to include drug and weapons smuggling, cyber and financial crime, illegal technology exports, and intellectual property crime.

8.      Investigators, officers, and special agents with HSI are specially trained and learn by experience how to identify, investigate, and prevent criminal activity.

9.      On September 25, 2025, HSI officers were conducting narcotics trafficking investigations at the JSX Airlines terminal at Dallas Love Field in the Northern District of Texas.

10.      While observing passengers enter the terminal and check in for a flight to Las Vegas, Nevada, officers noticed an Asian male, later identified as John Minn Yoo ("Yoo"), enter the terminal and check in a large black duffle bag.

11.      Yoo exhibited nervous behavior after checking in for his flight.

12.      The HSI officers deployed a narcotics detection canine—trained to alert to the presence of cocaine, heroin, marijuana, methamphetamine, MDMA, and their derivatives—to conduct free air sniffs on the luggage cart associated with the outbound flight to Las Vegas.

13.      The free air sniffs conducted by the narcotics detection canine were in the area of the luggage vehicle tug.

14.      The narcotics detection canine positively alerted to a large black duffle bag on the mobile vehicle luggage cart.

15. The large black duffle bag had a luggage tag that displayed the name of passenger Yoo.

16. The luggage carts were being loaded onto a mobile vehicle to be driven to an awaiting plane and then flown out.

17. Due to the exigency of the luggage being on a mobile vehicle waiting to be transported to the airplane and imminently flown away, HSI officers conducted a search of the large black duffle bag.

18. The officers found a large plastic, vacuum-sealed bag of psilocybin (colloquially known as "magic mushrooms"), a cardboard box with prepackaged plastic jars of THC wax coated marijuana, and large amounts of U.S. currency. Photographs of the psilocybin and marijuana found in Yoo's bag are depicted here:

  



19.    The U.S. currency found in Yoo's bag was packaged in vacuum sealed bags, loose banded up, and stuffed inside Ziplock baggies.

20.    The U.S. currency varied in denominations from one-dollar bills to one hundred-dollar bills.

21.    The currency appeared worn and circulated.   Photographs of the U.S. currency are depicted here:



22.    After searching Yoo's bag and finding psilocybin, marijuana, and bulk U.S. currency, the HSI officers located Yoo in the terminal and placed him under arrest.

23.    Upon reviewing Yoo's flight papers, the officers learned that Yoo intended to travel with the psilocybin, marijuana, and bulk U.S. currency from Dallas, Texas, to Las Vegas, Nevada, and then on to Burbank, California.  Photographs of Yoo's flight papers are depicted here:

 

24.    Yoo was given his *Miranda* warnings, which he acknowledged, and then he requested an attorney.

25.    Yoo was informed that the officers believed the concealed U.S. currency in his checked luggage was from criminal activities and, as a result, was being seized.

26.    Yoo was then transported to and booked in the Dallas County Jail for the possession of the narcotics.

27.     The U.S. currency was secured in HSI's Dallas seized property room until it was transported to Loomis Bank in Dallas for an official count and deposit on September 26, 2025.

28.     The money seized from Yoo totaled $98,613.00.  In the undersigned law enforcement officer's experience, possession of such a large amount of currency is not typical of legitimate airport travelers.

## FIRST CAUSE OF ACTION
### 21 U.S.C. § 881(a)(6)
### (forfeiture of property related to drug trafficking)

29.     The United States of America reasserts all allegations previously made.

30.     Under 21 U.S.C. § 881(a)(6), "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of" 21 U.S.C. § 801 *et seq.* are subject to forfeiture.

31.     Under 21 U.S.C. § 841(a), it is "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."  An attempt or conspiracy to do the same also is prohibited by 21 U.S.C. § 846.

32.     As set forth above, the Defendant Property is moneys furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange,

Page **8** of **12**

and/or property intended to facilitate such an exchange in violation of 21 U.S.C. §§ 841(a) and/or 846.  The Defendant Property is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

**<u>SECOND CAUSE OF ACTION</u>**
**18 U.S.C. § 981(a)(1)(C)**
**(forfeiture related to violation of the Travel Act)**

33.     The United States of America reasserts all allegations previously made.

34.     Under 18 U.S.C. § 981(a)(1)(C), any property that constitutes or is derived from proceeds traceable to an offense constituting a "specified unlawful activity," or a conspiracy to commit such offense, is subject to forfeiture to the United States of America.

35.     Under 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1), interstate travel or transportation in aid of racketeering enterprises in violation of 18 U.S.C. § 1952 is a "specified unlawful activity."

36.     18 U.S.C. § 1952(a) prohibits, among other things, any individual who uses "any facility in interstate or foreign commerce, with intent to–"

> (1) distribute the proceeds of any unlawful activity; or
>
> . . .
>
> (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity

from thereafter performing or attempting to perform an act described in subparagraph (1) or (3) above.

Page **9** of **12**

37.    18 U.S.C. § 1952(b) specifically includes within the definition of "unlawful activity" "any business enterprise involving . . . narcotics or controlled substances (as defined in section 102(6) of the Controlled Substances Act)."

38.    As set forth above, the Defendant Property is property that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1952.  The Defendant Property is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(l)(C).

## REQUEST FOR RELIEF

WHEREFORE, the United States of America respectfully asserts that the Defendant Property is forfeitable to the United States of America under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

The United States of America further requests:

A.    That, pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(3)(b), the Clerk of the Court issue a Summons and Warrant of Arrest *in Rem* as to the Defendant Property;

B.    That Notice of this action be given to all persons known or thought to have an interest in or right against the Defendant Property;

C.    That a Judgment of Forfeiture be decreed against the Defendant Property;

D.     That, upon the issuance of a Judgment of Forfeiture, the United States Marshals Service or its delegate be able to dispose of the Defendant Property according to law; and

E.     That the United States of America receives its costs of court and all further relief to which it is entitled.

DATED this 6th day of March 2026.

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

*/s/ John Penn*
JOHN PENN
Assistant United States Attorney
Indiana Bar No. 28722-29
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Telephone: 214-659-8600
Facsimile: 214-659-8805
Email: john.penn@usdoj.gov
ATTORNEY FOR PLAINTIFF

## VERIFICATION

I am a Task Force Officer with Homeland Security Investigations ("HSI").  As a Task Force Officer with HSI, my duties and responsibilities include participating in the investigation and prosecution of persons who violate federal laws.

I have read the contents of the foregoing Verified Complaint for Forfeiture *In Rem* and verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements contained therein are true and correct to the best of my knowledge and belief.

Executed this 6th day of March 2026.

Task Force Officer Zachary Helm
Homeland Security Investigations